# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ADAM R. MERKEL,

           Plaintiff,

v.

WAUKESHA COUNTY, WAUKESHA COUNTY SHERIFF DEPARTMENT, and OFFICER SHAWN RIEGE,

           Defendants.

Case No. 19-CV-712-JPS

**ORDER**

      Plaintiff Adam R. Merkel ("Merkel"), who is incarcerated at the Kettle Moraine Correctional Institution, proceeds in this matter *pro se*. He filed a complaint alleging that the defendants violated his constitutional rights. (Docket #1). This matter comes before the Court on Plaintiff's motion to proceed *in forma pauperis*. (Docket #2). Plaintiff has been assessed and paid an initial partial filing fee of $64.84. 28 U.S.C. § 1915(b)(4).

      The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b).

      A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where

it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109–10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual

allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. Section 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Vill. of N. Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Merkel alleges that on December 22, 2017, he was at home in Lannon, Wisconsin when his wife called 911 because he had been drinking around their children. Officers from the Waukesha County Sheriff's Department and the Town of Lisbon Police Department were dispatched to his home. Merkel initially allowed the officers to enter his home, but then asked them to leave, which they refused to do. Three of Merkel's children had gone over to a neighbor's house before the officers arrived. The officers went to the neighbor's house to check on the children, and they were uninjured. Merkel's fourth child was with him in the home, also uninjured.

The officers asked Merkel to submit to a breathalyzer test and Merkel refused. Merkel was then placed under arrest for disorderly conduct for having banged on the neighbor's door before the police arrived. During the arrest, officers tackled Merkel to the ground, and his hands were under his body while the officers tried to handcuff him. An unnamed female officer threatened to tase Merkel so that other officers could get handcuffs on him,

but the taser was not ultimately used. After both cuffs were on, defendant Shawn Riege ("Riege"), an officer in the Waukesha County Sheriff's Department, assaulted Merkel by kneeing him in the face multiple times for roughly two minutes. Merkel was totally defenseless. He sustained injuries to his mouth and right eye. Merkel believes Riege assaulted him because he felt a personal need to punish Merkel for drinking around children.

Riege apparently later accused Merkel of biting him during the arrest. Merkel alleges this did not happen; instead, Riege "hurt himself in the process [of assaulting Merkel] and covered it up by saying he was 'bit.'" (Docket #1 at 3). Merkel has since been charged with, and convicted of, battery or threat to a law enforcement officer in Waukesha County Circuit Court, Case No. 17CF1828.

On these allegations, Merkel seeks to bring a claim for damages based on the physical assault and his wrongful arrest and conviction. He asks for money damages and for an injunction requiring police officers within Waukesha County to wear body cameras that are always turned on.

Plaintiff's claims cannot proceed. As to the Waukesha County defendants, Merkel can proceed against them on a constitutional claim only if he sufficiently alleges that the municipality itself, as opposed to one of its officers, caused his constitutional violation. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658 (1978). *Monell* provides an avenue for relief against a governmental entity for constitutional violations that are caused directly by a policy or custom of the governmental entity. *Id.* at 694. To maintain a Section 1983 claim against a governmental entity, the plaintiff must first identify a "policy or custom" attributable to governmental policymakers. *Gable v. City of Chicago*, 296 F.3d 531, 537 (7th Cir. 2002) (citing *Monell*, 436 U.S. at 691–94). A "policy or custom" may take one of three

forms: "(1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express [governmental] policy, is so permanent and well settled as to constitute a custom or usage with the force of law; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority." *Id.* (quotation omitted). The plaintiff must also demonstrate "the requisite causation," which means that "the policy or custom was the 'moving force' behind [his] constitutional deprivation." *Id.*

Merkel has not alleged that Waukesha County or its sheriff's department has an express policy that compels the assault of arrestees; indeed, he does not allege that Riege acted in accordance with, or contravention of, any policy at all. He also has not alleged that Waukesha County or its sheriff's department has a widespread practice of assaulting arrestees; he only makes allegations about his individual experience. Finally, he does not allege that any person with final policymaking authority actually caused his injury. Instead, he alleges that Waukesha County and its sheriff's department do not use body cameras, which makes it easier for rogue officers to get away with improper conduct. This is not an allegation that a policy or practice of the county actually caused his injury. He cannot proceed against the county defendants on this theory.

The broader problem with Merkel's claims, though, is that they are barred by the *Heck* rule. The Court in *Heck v. Humphrey* held that a plaintiff who has been convicted of a crime cannot maintain a Section 1983 claim where "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence[,] . . . unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." 512 U.S. 477, 487 (1994). The *Heck* rule "is intended to prevent collateral

forms: "(1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express [governmental] policy, is so permanent and well settled as to constitute a custom or usage with the force of law; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority." *Id.* (quotation omitted). The plaintiff must also demonstrate "the requisite causation," which means that "the policy or custom was the 'moving force' behind [his] constitutional deprivation." *Id.*

Merkel has not alleged that Waukesha County or its sheriff's department has an express policy that compels the assault of arrestees; indeed, he does not allege that Riege acted in accordance with, or contravention of, any policy at all. He also has not alleged that Waukesha County or its sheriff's department has a widespread practice of assaulting arrestees; he only makes allegations about his individual experience. Finally, he does not allege that any person with final policymaking authority actually caused his injury. Instead, he alleges that Waukesha County and its sheriff's department do not use body cameras, which makes it easier for rogue officers to get away with improper conduct. This is not an allegation that a policy or practice of the county actually caused his injury. He cannot proceed against the county defendants on this theory.

The broader problem with Merkel's claims, though, is that they are barred by the *Heck* rule. The Court in *Heck v. Humphrey* held that a plaintiff who has been convicted of a crime cannot maintain a Section 1983 claim where "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence[,] . . . unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." 512 U.S. 477, 487 (1994). The *Heck* rule "is intended to prevent collateral

attack on a criminal conviction through the vehicle of a civil suit." *McCann v. Neilsen,* 466 F.3d 619, 621 (7th Cir. 2006).

As a general matter, a plaintiff who has been convicted of resisting arrest or assaulting a police officer during the course of an arrest is not *per se Heck*-barred from maintaining a Section 1983 action for excessive force stemming from the same confrontation. *McCann,* 466 F.3d at 621 (citing *VanGilder v. Baker,* 435 F.3d 689, 692 (7th Cir. 2006)). "A contrary conclusion . . . would 'imply that once a person resists law enforcement, he has invited the police to inflict any reaction or retribution they choose, while forfeiting the right to sue for damages.'" *Id.* (quoting *VanGilder,* 435 F.3d at 692). Thus, it is possible that a civil judgment that Riege used excessive force in effecting Merkel's arrest would not *necessarily* imply the invalidity of Merkel's criminal conviction for assault.

The same is true for false arrest claims. As the Seventh Circuit has recognized, *Heck* does not bar all Section 1983 false arrest claims "because a wrongful arrest claim, like a number of other Fourth Amendment claims, does not inevitably undermine a conviction," and therefore "one can have a successful wrongful arrest claim and still have a perfectly valid conviction." *Booker v. Ward,* 94 F.3d 1052, 1056 (7th Cir. 1996); *see also Reynolds v. Jamison,* 488 F.3d 756, 767 (7th Cir. 2007) (holding that a Section 1983 claim for false arrest was not *Heck*-barred despite the plaintiff's conviction for telephone harassment because "[w]hether Officer Darr had probable cause to arrest [the plaintiff] has no bearing on the validity of his subsequent guilty plea and criminal conviction").

However, the Seventh Circuit has also held that even where a claim is theoretically compatible with the underlying conviction—like Merkel's excessive force and false arrest claims here—it may nevertheless be *Heck*-

barred "if specific factual allegations in the complaint are necessarily inconsistent with the validity of the conviction." *McCann,* 466 F.3d at 621 (citing *Okoro v. Callaghan,* 324 F.3d 488, 490 (7th Cir. 2003)). As the Seventh Circuit explained in *Okoro,* "[i]t is irrelevant that [plaintiff] disclaims any intention of challenging his conviction; if he makes allegations that are inconsistent with the conviction's having been valid, *Heck* kicks in and bars his civil suit." *Okoro,* 324 F.3d at 490. In other words, a plaintiff can plead himself into a *Heck* bar by making allegations that *necessarily* imply the invalidity of his conviction. For example, in *Okoro,* the Seventh Circuit held that the plaintiff's Section 1983 suit, in which he sought the return of gems the police allegedly stole from him during a search of his residence that led to his conviction on drug charges, was *Heck*-barred because his complaint alleged that he was not selling drugs, an allegation that was inconsistent with the validity of his drug conviction. *Id.*

To determine whether a plaintiff's claim is *Heck*-barred, the district court must ask "not whether [the plaintiff] *could have* drafted a complaint that steers clear of *Heck* . . ., but whether he did." *McCann,* 466 F.3d at 622. In this case, Merkel has pled himself into a *Heck* bar. He alleges that he never threatened or assaulted Riege during the arrest; instead, Merkel alleges that Riege gratuitously assaulted him because he believed Merkel needed to be punished, Riege sustained an injury during the altercation, and then Riege covered up the assault by accusing Merkel of biting him. These allegations are inconsistent with his conviction for assault of an officer.

Merkel cannot proceed on his claims of excessive force and false arrest unless and until he successfully invalidates his conviction for assault of an officer. He can do that either by appealing his criminal conviction or filing a suit for habeas relief. Because Merkel can theoretically still have his

barred "if specific factual allegations in the complaint are necessarily inconsistent with the validity of the conviction." *McCann,* 466 F.3d at 621 (citing *Okoro v. Callaghan,* 324 F.3d 488, 490 (7th Cir. 2003)). As the Seventh Circuit explained in *Okoro,* "[i]t is irrelevant that [plaintiff] disclaims any intention of challenging his conviction; if he makes allegations that are inconsistent with the conviction's having been valid, *Heck* kicks in and bars his civil suit." *Okoro,* 324 F.3d at 490. In other words, a plaintiff can plead himself into a *Heck* bar by making allegations that *necessarily* imply the invalidity of his conviction. For example, in *Okoro,* the Seventh Circuit held that the plaintiff's Section 1983 suit, in which he sought the return of gems the police allegedly stole from him during a search of his residence that led to his conviction on drug charges, was *Heck*-barred because his complaint alleged that he was not selling drugs, an allegation that was inconsistent with the validity of his drug conviction. *Id.*

To determine whether a plaintiff's claim is *Heck*-barred, the district court must ask "not whether [the plaintiff] *could have* drafted a complaint that steers clear of *Heck* . . ., but whether he did." *McCann,* 466 F.3d at 622. In this case, Merkel has pled himself into a *Heck* bar. He alleges that he never threatened or assaulted Riege during the arrest; instead, Merkel alleges that Riege gratuitously assaulted him because he believed Merkel needed to be punished, Riege sustained an injury during the altercation, and then Riege covered up the assault by accusing Merkel of biting him. These allegations are inconsistent with his conviction for assault of an officer.

Merkel cannot proceed on his claims of excessive force and false arrest unless and until he successfully invalidates his conviction for assault of an officer. He can do that either by appealing his criminal conviction or filing a suit for habeas relief. Because Merkel can theoretically still have his

conviction overturned, thereby lifting the *Heck* bar, this case will be dismissed without prejudice.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Docket #2) is **GRANTED**;

**IT IS FURTHER ORDERED** that this case be and the same is hereby **DISMISSED without prejudice** because it is barred by the *Heck* rule;

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the $285.16 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to his trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Plaintiff is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this Order along with his remaining balance to the receiving institution; and

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where plaintiff is confined.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 28th day of October, 2019.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge